IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EAST ST. LOUIS LABORERS' LOCAL 100, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-23 MJR ) |
| BELLON WRECKING & SALVAGE, COMPANY, A Missouri Corporation | ) ) ) ) |
| Defendant. | ) |

FILED
DEC 27 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## SETTLEMENT AGREEMENT AND ORDER

Now comes the parties, East St. Louis Laborers' Local 100 and Bellon Wrecking & Salvage, Co., and agree to the entry of the following order and its findings in compromise and final settlement of the above-styled case.

1.  Bellon Wrecking & Salvage, Co. was/is an independent signatory to the Memorandum of Agreement (Collective Bargaining Agreement) between the Southern Illinois Builders' Association, Southern Illinois Contractors' Association, Signatory Employers, and East St. Louis Laborers' Local 100 effective August 1, 2003 through July 31, 2006.

2.  Pursuant to the authority granted in Article 1, Section 1.3(p) of the Collective Bargaining Agreement, Lester Greene as the Business Manager of Laborers' Local 100 and Bellon Wrecking & Salvage, Co. agreed to a modification of the aforesaid Collective Bargaining Agreement as it pertained to the MacArthur Bridge project, and which modifications was/is as follows:

    a.  Of the first three (3) laborers on the project, two (2) would be from Local 100 and one (1) could be from Bellon Wrecking, with the Local 100 Laborers being the first to be hired;

126879. 1

b. Should there be a layoff or termination of one or more of the laborers described in subparagraph (a), the first would be the Bellon employee, and the Local 100 members to then follow;

c. Of the next two (2) laborers on the project, one (1) would come from Local 100 and the other could come from Bellon Wrecking, with the Local 100 Laborer being the first to be hired;

d. Should their be a layoff or termination of one or both of the laborers described in subparagraph (c), the first would be the Bellon employee, and only then the Local 100 member;

e. As to any additional laborers needed on the project, there is no agreement between Laborers' Local 100 and Bellon Wrecking & Salvage Co. other than the parties' Collective Bargaining Agreement.

3. Any future modifications of the Collective Bargaining Agreement must be in writing and signed by Local 100 and Bellon Wrecking.

4. Bellon agrees to pay $8,763.34 as and for payments and contributions due pursuant to the Collective Bargaining Agreement within seven (7) days of this order. The parties agree that said payment by Bellon shall bring Bellon current with respect to its obligations under the Collective Bargaining Agreement as of the date of this order and that no further amounts are past due under the terms of the Collective Bargaining Agreement as of the date of this order.

5. Bellon hereby reaffirms its commitment to abide by and comply with the terms of the Collective Bargaining Agreement until its expiration on July 31, 2006. The parties agree, however, that Bellon is an independent signatory to the Collective Bargaining Agreement and is under no obligation to bargain collectively with Local 100 following the expiration of the

Collective Bargaining Agreement. The parties further agree that Bellon shall not be bound by any multi-employer bargaining of any kind or nature including, but not limited to, bargaining of the Southern Illinois Builders' Association, Southern Illinois Contractors' Association or any other multi-employer signatory to the Collective Bargaining Agreement after July 31, 2006, the original date of expiration of the Collective Bargaining Agreement.

6. Bellon Wrecking & Salvage, Co. assures this Court that it will require its subcontractor(s) to comply with the terms and conditions of the Collective Bargaining Agreement as set forth in Article 29 thereof.

7. The parties agree that this case shall be dismissed, with prejudice, on August 1, 2006. The parties further stipulate and agree that -- until August 1, 2006 -- any disputes which arise regarding the implementation or enforcement of this Settlement Agreement shall be referred to the United States Magistrate Judge assigned to this case, the Honorable Phillip M. Frazier.

_____
Lester Greene
Business Manager
Laborers' Local 100

COOK, YSURA, BARTHHOLOMEW,
BRAUER, & SHEVLIN, LTD.

_____
Stephen M. Kernan
12 West Lincoln Street
Belleville, IL 62220-2085
(618) 235-3500
(618) 235-7286 - fax

Attorney for Plaintiff

_____
Donald Bellon
President
Bellon Wrecking & Salvage Co.

McMAHON, BERGER, HANNA
LINIHAN, CODY & McCARTHY

_____
James N. Foster, Jr.
Geoffrey M. Gilbert, Jr.
Robert D. Younger
2730 N. Ballas Road, Suite 200
St. Louis, MO 63131
(314) 567-7350
(314) 567-5968 - fax
Attorneys for Defendant

126879.1                                    3

It is Ordered by the Court that the Parties comply with the terms and conditions set forth above.

IT IS SO ORDERED.

| | |
|---|---|
| 12-27-05 | *Michael J Reagan* (signature) |
| Date | Judge Michael J. Reagan |